DECISION AND JOURNAL ENTRY
Previously, this Court affirmed Crawford's convictions because Crawford failed to provide the Court with transcripts necessary to support his assignments of error. See State v. Crawford (June 28, 2000), Lorain App. No. 99CA0035, unreported. Crawford timely filed a motion for reconsideration, which this Court granted.
Accordingly, the June 28, 2000 opinion filed in this case is hereby vacated and replaced with this decision and journal entry. This Court will now review Crawford's assignments of error.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Gregory Crawford appeals from his convictions for aggravated murder, with a capital offense specification, aggravated robbery, and burglary. This Court affirms.
 I.
On October 7, 1998, Gregory Crawford was indicted by the Wayne County Grand Jury on one count of aggravated murder, in violation of R.C.2903.01(B), with three capital offense specifications pursuant to R.C.2929.04(A)(3), (4), and (7); aggravated robbery, in violation of R.C.2911.01(A)(3); aggravated burglary, in violation of R.C. 2911.11(A)(2); and theft, in violation of R.C. 2913.02. Crawford pled not guilty, and the matter proceeded to trial.
At the close of the state's case, the trial court dismissed specification two charged under R.C. 2929.04(A)(4). The state dismissed specification one charge under R.C. 2929.04(A)(7), and proceeded under specification three pursuant to R.C. 2929.04(A)(7), which charged that Crawford committed aggravated murder for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed. The jury subsequently found Crawford guilty of the remaining charges.
The matter proceeded to a mitigation hearing. The jury concluded that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt, and recommended that Crawford be sentenced to death.
Thereafter the trial court convened a sentencing hearing. The trial court found that the aggravating circumstances did not outweigh the mitigating factors. The trial court sentenced Crawford to life imprisonment without the possibility of parole for aggravated murder, ten years for aggravated robbery, eight years for burglary, and eighteen months for theft. The trial court further ordered that the sentences be served consecutively.
Crawford timely appeals, raising six assignments of error.
 II. FIRST ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF AGGRAVATED MURDER IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE FEDERAL CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR TRIAL COURT ERRED IN FAILING TO INSTRUCT JURY THAT SPECIFICATIONS EMBODIED IN R.C. 2929.04 MUST BE PROVEN BEYOND A REASONABLE DOUBT, DENYING APPELLANT A FAIR TRIAL AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF AGGRAVATED ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 FOURTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTION OF BURGLARY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION, AND SECTIONS [sic] 16, ARTICLE I OF THE OHIO CONSTITUTION.
 FIFTH ASSIGNMENT OF ERROR APPELLANT'S CONVICTIONS AS TO AGGRAVATED MURDER, AGGRAVATED ROBBERY, AND BURGLARY WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 SIXTH ASSIGNMENT OF ERROR COURT ERRED IN NOT GRANTING DEFENSE REQUEST OF MISTRIAL WHERE STATE FAILED TO DISCLOSE BRADY MATERIAL DENYING APPELLANT DUE PROCESS OF LAW GUARANTEED UNDER FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION.
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
In his first, third, and fourth assignments of error, Crawford claims that his convictions for aggravated murder with a capital offense specification, aggravated robbery, and burglary were against the manifest weight of the evidence. In his fifth assignment of error, Crawford also argues that his three convictions were against the sufficiency of the evidence. This Court disagrees.
As a preliminary matter, we note that sufficiency of the evidence produced by the state, and weight of the evidence adduced at trial are legally distinct issues. See State v. Thompkins (1997), 78 Ohio St.3d 380,386. In conducting a sufficiency of the evidence review, all evidence must be construed in a light most favorable to the prosecution. See Statev. Jenks (1991), 61 Ohio St.3d 359, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy." Thompkins, supra at 386. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (March 15, 2000), summit App. No. 19600, unreported, citing Thompkins, supra, at 390 (Cook, J., concurring).
When a defendant a defendant asserts that his:
 [C]onviction is against the manifest weight of the evidence, an appellate court must review the entire record, weight the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340, citing State v. Martin
(1983), 20 Ohio App.3d 172. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. See id.
Crawford was convicted of aggravated murder pursuant to R.C. 29903.01(B), which provides:
 No person shall purposely cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson, aggravated robbery or robbery, aggravated burglary or burglary or escape.
Crawford was also convicted of aggravated robbery pursuant to R.C.2911.01(A)(3), which provides:
 (A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in the fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (3) Inflict, or attempt to inflict, serious physical harm on another.
Lastly, Crawford was convicted of burglary pursuant to R.C.2911.11(A)(2), which provides:
 No person, by force, stealth, or deception, shall do any of the following:
* * *
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than the accomplice of the offender is present, with purpose to commit in the habitation any criminal offense.
The state's case was primarily based upon circumstantial evidence. However, the Ohio Supreme Court has held that circumstantial evidence is as probative of guilt as direct evidence. See State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus.
On July 23, 1998, Gene Palmer suffered six to ten blows by a blunt force object that caused skull fractures and a traumatic brain injury that eventually caused his death. That day, at 11:00 a.m., Crawford was seen walking down the roadway that led to Gene's house. At 11:45 a.m., Joseph Palmer, the victim's nephew, spoke with Gene. Gene's sister and neighbor, Peggy Howell, noticed that Gene's van was missing from the driveway at 2:00 p.m. When Joseph called Gene at home at 4:15 p.m. there was no answer. Authorities surmised that Gene was attacked between 11:45 a.m. and 2:00 p.m. Gene was found by his wife Ruth Palmer at or around 6:00 p.m., whereupon he was life flighted to Akron City Hospital. Gene eventually died as a result of his injuries on October 4, 1998.
The evidence also showed that Crawford stole Gene's van. Crawford was seen driving the van in Ashland around 1:00 p.m., some seventeen to twenty miles from the victim's residence. Crawford called on an acquaintance in Ashland, Catherine Hull, at or around 1:00 p.m. Hull did not answer the door. Just before that, Hull noticed a blue van matching the description of Gene's stolen van, slowly drive past her home.
Crawford again called on Hull between 4:00 p.m. and 6:30 p.m., and Hull invited him in for a visit that lasted approximately twenty minutes. Hull noticed Crawford was wearing a gold rope chain identified as belonging to the victim. Crawford was wearing the same baseball style shirt recognized by other eyewitnesses viewing his approach to the victim's house.
A few days later, Crawford was identified by two witnesses at a church near Hull's residence and near where police recovered the victim's van. Inside the van, police found a wooden jewelry box and a bottle of wine that belonged to the victim. Crawford's fingerprints were found on the tire jack in the van. At the time of Crawford's arrest, he was found in possession of a chain and pocket knife identified as belonging to the victim. At Crawford's grandparents' house a Sony CD Walkman was recovered that was similar to the one reported missing from the victim's house.
Based upon the evidence, this Court cannot conclude that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that Crawford's conviction for aggravated murder with a capital offense specification, aggravated robbery, and burglary must be reversed. See Thompkins, supra.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Therefore, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. (Emphasis omitted.)
State v. Roberts (Sep. 17, 1997), Lorain App. No. 96CA006462, unreported.
Crawford's first, third, fourth, and fifth assignments of error are overruled.
 SECOND ASSIGNMENT OF ERROR TRIAL COURT ERRED IN FAILING TO INSTRUCT [THE] JURY THAT SPECIFICATIONS EMBODIED IN R.C. 2929.04 MUST BE PROVEN BEYOND A REASONABLE DOUBT, DENYING APPELLANT A FAIR TRIAL AS GUARANTEED UNDER THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
In his second assignment of error, Crawford claims that the trial court erred when it did not instruct the jury that the offenses set forth in the capital offense specifications must be proven beyond a reasonable doubt. This Court notes that Crawford failed to object to the trial court's omission of the proposed charge to the jury. It is well settled that a failure to timely object when an alleged error constitutes a waiver of the claim on appeal. State v. Maurer (1984), 15 Ohio St.3d 239,260, certiorari denied (1985), 472 U.S. 1012, 105 S.Ct. 2714,86 L.Ed.2d 728. "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict[.]" Crim.R. 30(A). Notwithstanding Crawford's waiver, his claim is substantively without merit. The trial court charged the jury that the state had to prove every element of every offense beyond a reasonable doubt. Given the trial court's instruction, and our review of the record, this Court finds no indication that the jury applied a less strenuous burden proof upon the capital offense specifications. See State v. Blankenship (1995), 102 Ohio App.3d 534,546.
 SIXTH ASSIGNMENT OF ERROR COURT ERRED ON NOT GRANTING DEFENSE REQUEST OF MISTRIAL WHERE STATE FAILED TO DISCLOSE BRADY MATERIAL DENYING APPELLANT DUE PROCESS OF LAW GUARANTEED UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
In his sixth assignment of error, Crawford claims that the state withheld the disclosure of potential witness Robert Yoho and thereby caused him prejudice. This Court disagrees.
Brady v. Maryland (1963), 373 U.S. 83, created a duty in the state to disclose material exculpatory to the defense. The test of materiality is met "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Johnston (1988), 39 Ohio St.3d 48, paragraph five of the syllabus.
In this case, the defense learned of Yoho during the trial. Yoho had given a description of Crawford that differed as to whether the shirt he was wearing had a numeral on the back. Also, before Yoho's disclosure by the state, the defense labored under the misimpression that Yoho's identification (which was recorded in police reports) was made by a different witness. The defense asked for a mistrial, which was denied. Then the trial court advised the jury that the state had failed to disclose Yoho to the defense. Thereupon, the defense was able to cross-examine two state witnesses as to Yoho's identification. The defense also declined to subpoena Yoho to testify, though it was his prerogative to do so. See Crim.R. 17(A) and (F).
The timing of the disclosure by the state, while belated, does not strictly run afoul of the Brady rule, which is focused on the failure to make disclosures until after trial. See United States v. Agurs,427 U.S. 97, 103. Here, Crawford learned of Yoho during trial, and did not request a continuance of the trial to deal with the disclosure. Considering Crawford chose not to call Yoho as a witness and the timing of the disclosure, Crawford has failed to demonstrate a Brady violation that was prejudicial.
Crawford's sixth assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P. J. SLABY, J. CONCUR